UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM JOFFRE REED,

    Petitioner,

v.                                     Case No. 3:22cv20888-MCR-HTC

RICKY DIXON,

    Secretary.

_____/

REPORT AND RECOMMENDATION

Petitioner William Joffre Reed, filed a petition under 28 U.S.C. § 2254, challenging his conviction for murder in the First Circuit Court for Okaloosa County Case No. 2017 CF 1766. Doc. 1. After considering the petition, the record, the Secretary's response, Doc. 13, and Reed's Reply, Doc. 15, the undersigned recommends the petition be DENIED without an evidentiary hearing.

## I.    BACKGROUND

### A.    Offense and Conviction

On May 18, 2018, Reed entered a plea of nolo contendere to second degree murder, pursuant to a written plea agreement. Doc. 13-15 at 17 (transcript of plea hearing) and at 13 (plea agreement). According to the probable cause affidavit, *id.* at 32, police received a report of the body of the victim found in a park in Destin,

Florida. The victim had been shot several times. Video surveillance footage from buildings adjacent to the park showed Reed walking with the victim into the park that evening. Witnesses at Reed's job identified Reed from the video and stated they saw the victim with Reed at his job in the days before the shooting. Also, several of the coworkers told police Reed had confessed to them that he had been involved in a murder.

When Reed was arrested and after he was given his *Miranda* rights, Reed admitted he and the victim had gone to the park that night and Reed shot the victim seven (7) times in cold blood with no altercation involved. Reed admitted he did not normally carry a handgun but armed himself with a gun prior to the murder. He identified the location of the gun, shell casings he had collected from the scene, and the victim's cell phone.

On September 11, 2018, the circuit court sentenced Reed to life without the possibility of parole. Doc. 13-4 at 1-6.

**B.     Postconviction History and Timeliness**

Because Reed did not appeal his judgment and conviction,[1] the judgment became final when the time to appeal expired thirty days later, on October 11, 2018. *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the

---

[1] On the Petition, Petitioner checked the box for each ground indicating he raised each issue in state court on direct appeal. Doc. 1 at 9, 11, 13 & 15. As discussed below, this is incorrect, as no direct appeal was filed and his petition to file a belated appeal was denied. Doc. 13-10.

Case No. 3:22cv20888-MCR-HTC

conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires). Three hundred and twenty-one (321) days later, on August 28, 2019, Reed filed a Motion for Postconviction Relief under Florida Rule of Criminal Procedure 3.850. Doc. 13-11 at 1. That motion was continuously pending until September 19, 2022, when the First District Court of Appeals ("First DCA") denied a motion for rehearing of its decision affirming the trial court's denial of relief. Doc. 13-19 at 7. Reed filed the instant federal petition twenty-two (22) days later, on October 11, 2022. Doc. 1 at 1. Thus, the petition is timely filed. *See* 28 U.S.C. § 2244(d) (setting a 1-year period of limitation applicable to habeas petitions, running from certain trigger dates, including the date of final judgment and excluding periods during which a properly filed post-conviction motion is pending).

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs a state prisoner's petition for habeas corpus relief. 28 U.S.C. § 2254. Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This standard is both mandatory and difficult to meet. *White v. Woodall*, 572 U.S. 415, 419 (2014).

"Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the Reed's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

Also, because the First DCA issued a *per curiam* affirmance of the denial of the Amended Rule 3.850 Motion without a written opinion, this Court will "look through "that decision to the last related state-court decision that provides a relevant rationale, presume that the unexplained decision adopted the same reasoning and apply the AEDPA deference to that decision. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Here, that last decision comes from the circuit court's November 30, 2021, Order denying the Amended Rule 3.580 Motion. Doc. 13-15.

## III. DISCUSSION

Reed asserts four (4) grounds for relief in the petition based on ineffective assistance of trial counsel ("IATC"). To succeed on an IATC claim, Reed must show that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and considering all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The defendant bears the burden of proving that counsel's performance was unreasonable

under prevailing professional norms and that the challenged action was not sound strategy. *Id.* at 688-89

*Strickland*'s prejudice prong requires Reed to allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Reed must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations Reed was prejudiced by counsel's performance are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

For the reasons discussed below, the Court finds Reed is not entitled to relief on any of the four grounds.

### A.   Ground One: IATC Relating to Guilty Plea

It is unclear on what basis Reed seeks relief in Ground One of the petition. While Reed titles Ground One as "Allowing Defendant to Enter a Plea Agreement Without Court Determining Competence," the supporting facts are about Reed's failure to get proper notice of the plea agreement. Doc. 1 at 9. Reed's reply to the Secretary's answer does not address this ground for relief. Doc. 15. As the Secretary points out, Reed appears to have raised both arguments – that he did not get notice and that the circuit court failed to conduct a competency hearing as Ground One of the state post-conviction motion and memorandum of law. Doc. 13-12.

However, Reed is not entitled to relief on either argument because neither has been exhausted and both are procedurally defaulted. Specifically, Reed did not appeal the circuit court's denial of relief on Ground One of the post-conviction motion. Instead, Reed expressly stated in the initial appellate brief that he "concedes Ground One of his 3.850 motion based upon the trial court's factual and legal determinations and conclusions." Doc. 13-18 at 11.

Before a § 2254 petitioner may obtain federal habeas corpus relief, he must exhaust all available state court remedies for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To fully exhaust a claim, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement applies to state post-conviction proceedings as well as to direct appeals. *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). By expressly declining to raise Ground One on appeal in state court, Reed has failed to exhaust it.

Moreover, the claim is procedurally barred because Reed cannot now return to state court to exhaust. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to

present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas[.]"). Reed cannot return to state court to exhaust this claim because his postconviction motion would be deemed successive and untimely. *Devers-Division v. Sec'y, Dep't of Corr.*, 2021 WL 2581609, at *9 (M.D. Fla. June 23, 2021) ("As Devers-Division cannot return to state court to present the claim in an untimely, successive postconviction motion, . . . it is procedurally defaulted.") (citing Fla. R. Crim. P. 3.850(b) & (h)).

Although a procedural default may be excused upon a showing of "cause and prejudice" or a fundamental miscarriage of justice, Reed does not argue either in the petition or the reply. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Therefore, he is not entitled to habeas review on Ground One.[2]

### B. Ground Two: IATC for Failure to Investigate a Stand-Your-Ground Defense

Reed argues counsel was ineffective for failing to investigate whether he should have been entitled to a stand-your-ground defense before advising Reed to plead. Reed claims he was stalked by the victim and that the victim brandished or

---

[2] Even if this claim had been exhausted it would have failed on the merits. As the circuit court correctly concluded the record is devoid of any evidence calling Reed's competency into doubt. Doc. 13-15 at 6-7. To the contrary, during the plea colloquy, Reed's counsel informed the court that Reed had been evaluated by a doctor for competency to proceed and sanity at the time of the offense and "her findings at this point …[was] she had no issues with his competency." *Id* .at 2.

Case No. 3:22cv20888-MCR-HTC

had on his person a knife which he showed to Reed repeatedly. Reed also claims the victim threatened him by flashing the knife and saying threatening words to him. Doc. 1 at 11. Reed exhausted this claim by raising it as Ground Two of his Amended 3.850 motion, Doc. 13-12 at 53, and on appeal, Doc. 13-18 at 11.

The circuit court held that Reed could not raise this issue in a postconviction motion because he had stated under oath in the plea colloquy that he agreed to counsel's advice and was satisfied with counsel's representation on this issue. Doc. 13-15 at 8. Also, the circuit court found no prejudice under *Strickland* because, by signing the probable cause affidavit, Reed agreed to the factual basis presented in the probable cause affidavit which showed no basis for a stand-your-ground defense. *Id.* at 9. These conclusions were not contrary to, and did not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d).

First, Reed chose to proceed with the plea and confirmed during the plea colloquy that he was satisfied with his counsel's representation. Doc. 13-3 at 7-8. Reed made this decision even though he admitted in his Amended 3.850 motion that, prior to the plea, he discussed with counsel that the victim was the aggressor and Reed was in fear of his life. Doc. 13-12 at 53-60. Also, in the written plea agreement, Reed agreed he was giving up the "right to present and all defenses" he may have, which would include the stand-your-ground defense. Doc. 13-15 at 13.

And, during the plea colloquy, Reed told the court under oath that he read, understood, signed and agreed to the written plea agreement. *Id.* at 19-20. He also told the court he was satisfied with counsel. Specifically, the judge asked Reed, "Are you satisfied that Ms. Davis has helped you in this case, come to a resolution that you think is in your best interest?" and Reed answered, "Yes, sir, I do. With everything that's going on, yes, sir." Doc. 13-15 at 24. Given Reed's unequivocal acceptance of the plea, the facts supporting it, and the colloquy with the circuit court, Reed cannot now seek to undermine the plea or counsel's performance.

Moreover, even if Reed had not waived this claim, the circuit court did not err in concluding that Reed had not been prejudiced by counsel's failure to raise the defense under *Strickland* because such a defense was simply not supported by the record. It is well settled that an attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit". *See, e.g.*, *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Under Florida's Stand Your Ground law, "[a] person is justified in using ... deadly force if he or she reasonably believes that using ... such force is necessary to prevent imminent death or great bodily harm to himself." Fla. Stat. § 776.012(2). According to the probable cause affidavit, however, Reed and the victim "were not in any type of altercation prior to the time that [he] shot [the victim] a total of (7) times with a pistol." Doc. 13-15 at 32. Also, Reed advised law enforcement, after

being given his *Miranda* warnings, that he had shot the victim "in cold blood." *Id.* By signing the plea agreement, Reed agreed the "arrest report or offense report or probable cause affidavit which is part of the court record filed with the clerk of court is hereby incorporated by reference and agreed to by the defendant as a factual basis for the plea." Doc. 13-15 at 15. Thus, Reed swore in open court facts that preclude a Stand Your Ground defense. He cannot now contend in conclusory fashion that those facts are false.[3] *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Moreover, during the plea colloquy Defendant admitted he wanted to enter a plea because he felt like if he went to trial the jury would find him guilty, which would require a life sentence. Doc. 13-3 at 5. Reed was not prejudiced, by counsel's failure to raise a meritless defense. *See Nyhuis*, 211 F.3d at 1344. Reed is not entitled to habeas relief on Ground Two.

---

[3] In his reply, Reed argues the statement he made about shooting the victim "in cold blood" was "only in a sarcastic remark," to news reporters and that no such statement was made to police officers. Doc. 15 at 9.

### C. Ground Three: IATC for Failing to Investigate and/or Move to Suppress Confession

Reed seeks relief on the ground that his counsel was deficient for failing to file a motion to supress his confession, which was made during a time when he was suffering from a psychosis and after he repeatedly asked for counsel. Doc. 1 at 13. Reed raised this claim as Ground Three of the Amended 3.850 motion. Thus, despite Reed's failure to provide any facts to support this claim in the federal petition, because Reed is proceeding *pro se*, the Court will consider what he argued to the state court. In the Amended Rule 3.850 Motion, Reed contends that he explained to defense counsel he was "intoxicated and in a mania state of mind from a high dose of drug intake at the time of his arrest and interrogation", which rendered his confession involuntary, and invoked his right to counsel. Doc. 13-12 at 67-69.

The circuit court denied the claim as barred under Florida law because Reed admitted he had informed his attorney of the potential issues with his statements to law enforcement but nonetheless affirmed under oath that he was satisfied with counsel's strategy and representation. Doc. 13-15 at 10. The circuit court's determination was neither contrary to established law or a misapplication of the law or facts. As noted above, such "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Also, even if the court considered the merits of this claim, Reed cannot show he was prejudiced because he offered nothing but speculation that the motion would be granted and, even if the motion were granted, would have changed the outcome of the proceedings. Indeed, even without the confession, there was other evidence sufficient to convict Reed. Reed was seen on video entering the park with the victim shortly before the shooting, he knew the location of the gun, shell casings, and cell phone, and Reed confessed to the murder to coworkers. Thus, even if the statement to police were suppressed, he has not shown the reasonable probability of a different outcome in his case. *See Cormier v. Inch*, No. 3:18CV444-LC/CAS, 2019 WL 2527575, at *6 (N.D. Fla. Mar. 27, 2019), *report and recommendation adopted*, No. 3:18CV444-LC/CAS, 2019 WL 2526203 (N.D. Fla. June 19, 2019) ("prejudice could not be established because, even if Petitioner's statements to law enforcement were suppressed, there was other substantial evidence that incriminated him in the charges"). Reed is not entitled to habeas relief on Ground Three.

  **D.  Ground Four: IATC for Having Reed Sign a Different Plea Agreement than the One Entered in Court**

Reed argues his defense counsel was ineffective for "originally getting [Reed] to sign a version of the four-page Plea Agreement that stated the defendant would not receive any sentence beyond the maximum of 25 years prison and then providing the State and Court with a different first page which permitted the Court to impose the life sentence." Doc. 1 at 15 (cleaned up). Reed exhausted this claim by raising

it in his Amended Rule 3.850 Motion and on appeal. Doc. 13-12 at 74. The circuit court found this claim was conclusively refuted by the record, and the undersigned agrees.

At the outset of the plea colloquy, counsel announced that Reed "signed an open plea to the Court for a lesser included offense of second-degree murder with a firearm" and that she and Reed "discussed that entails a 25 year, day for day, minimum mandatory sentence, and he could be sentenced up to life." Doc. 13-3 at 2. Counsel then provided the court with the written Plea Agreement. *Id.* The court asked Reed if he read and understood the plea form before he signed it, and he confirmed he did. *Id.* at 3. The court asked Reed if what his counsel just told the court matched "what [Reed] read in the plea form," and Reed said yes. *Id.* at 3-4. Moreover, Reed admitted he was pleading to give his "lawyer a chance to argue for something less than life." *Id.* at 5. Thus, Reed's claim that he believed he had signed a plea agreement that limited his sentence to 25 years is flatly contradicted by his own sworn statements at the plea colloquy.[4] Reed is not entitled to habeas relief on Ground Four.

---

[4] Also, the first page of the plea agreement form, even if "swapped out" did not contain the penalties Reed was facing; the penalties were identified on page 2 of the plea form, and specifically stated "life years imprisonment with 25 years mandatory minimum imprisonment." Doc. 13-15 at 14.

## IV.   CONCLUSION

### A.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Additionally, this Court must consider the deferential standards prescribed by § 2254.  *See id.*  Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing.  *See Schriro*, 550 U.S. at 574.

### B.   Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "[B]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this Report and Recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Reed*, 2017 CF 1766, in the First Judicial District, in and for Okaloosa County, Florida, Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of March 2024.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.